IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL HICKS<br><br>Plaintiff<br><br>v.<br><br>ECOLOG INTERNATIONAL FZE;  ECOLOG, INC. ; AND DAYAKAR PAIDYPELLY AKA PAIDYPELLY DAYAKAR<br><br>Defendants | Case No.   4:16-cv-1894<br><br>**COMPLAINT**<br>**WITH JURY DEMAND** |

Now come Plaintiff Paul Hicks, by and through counsel, and for his cause of action states the following:

## THE PARTIES

1. Plaintiff Paul Hicks is a citizen of the United States and resides at 1374 Nichols Street, Lorain, Ohio, 44053.

2. Defendant Ecolog International FZE is a Dubai Airport Free Trade Zone legal entity established and registered in Dubai, United Arab Emirates.

3. Defendant Ecolog International FZE conducts business in Texas as "Ecolog USA."

4. Ecolog USA is not registered with the Texas Secretary of State or a comparable state government entity of any other state as a fictitious name or distinct corporate entity.

5. Ecolog USA is an unregistered fictitious name utilized by Defendant Ecolog International FZE to describe its business operations related to the provision of services directly and indirectly to the United States government, including those services provided at U.S. military bases in Afghanistan and its business operations in the United States.

1

6. Defendant Ecolog, Inc. is a Delaware corporation with its principal place of business at 9595 Six Pines Drive, Suite 8210, The Woodlands, Texas, 77380. Defendant may be served at the following: Ecolog, Inc., Attention: President, 9595 Six Pines Drive, Suite 8210, The Woodlands, Texas, 77380. **Service of Citation is requested at this time.**

7. Defendant Ecolog, Inc. is wholly-owned by Ecolog International FZE.

8. Defendant Ecolog, Inc.'s entire board of directors is comprised of Ecolog International FZE executives and board members.

9. Defendant Ecolog, Inc. is completely controlled by Ecolog International FZE.

10. Defendant Ecolog International FZE dictates all facets of Defendant Ecolog, Inc.'s business.

11. Defendant Ecolog International FZE caused the incorporation of Defendant Ecolog, Inc.

12. Defendant Ecolog, Inc. employees represent themselves as "Ecolog International" employees.

13. Defendant Ecolog International FZE conducts business in Texas as "Ecolog USA" from the same offices as Ecolog, Inc. Defendant may be served at at the following: Ecolog International FZE, Attention: President, 9595 Six Pines Drive, Suite 8210, The Woodlands, Texas, 77380. **Service of Citation is requested at this time.**

14. In 2007, Defendant Ecolog International FZE hired retired United States Army General Steven L. Arnold as "President of Ecolog USA" and to serve as a member of Ecolog International FZE's "executive leadership team."

15. Arnold is Director of the Board of Ecolog International FZE for its Defense and Government Services Sector.

16. According to records obtained and/or maintained by the Department of Defense Office of the Special Inspector General for Afghanistan Reconstruction, Arnold is "Director of the Board" of "Ecolog USA."

17. Ecolog International FZE, Ecolog USA, and Ecolog, Inc. are a single entity.

18. Ecolog International FZE, Ecolog USA, and Ecolog, Inc, are alter-egos of each other.

19. Ecolog International FZE has recruited Texas residents, either directly or indirectly through intermediaries located in Texas, for employment.

20. Prior to joining Ecolog International FZE dba Ecolog USA, Arnold was Vice President of KBR Inc. (formerly known as Kellogg, Brown & Root Services, Inc. and a former subsidiary of Halliburton, Inc.). KBR, Inc. is a major defense contractor headquartered in Houston, Texas. In 2001, the United States Army awarded KBR, Inc. the Logistics Civil Augmentation Program III (LOGCAP III) contract making KBR the Army's sole provider of food, water, housing, fuel, sanitation, waste management, laundry, construction, engineering, transportation, infrastructure services, and base operations support to U.S. troops worldwide. As Vice President and Program Manager for LOGCAP III in Central Asia and the Middle East for KBR, Arnold directed KBR's delivery of services in Afghanistan and Iraq.

21. In response to multiple controversies, government audits, and a Congressional investigation related to KBR's performance of the LOGCAP III contract, the United States Army announced in 2006 that it was replacing KBR Inc's exclusive LOGCAP III contract with LOGCAP IV contracts awarded to multiple primary performance contractors.

22. In 2007, the United States Army selected Fluor Corporation ("Fluor"), Dyncorp International, LLC ("Dyncorp"), and KBR Inc. as its primary performance contractors under LOGCAP IV to provide logistics support services similar to those previously procured through LOGCAP III. Each LOGCAP contractor is subject to annual renewal.

23. At all relevant times since 2007, Ecolog International FZE dba Ecolog USA has served as a LOGCAP IV subcontractor to both Fluor and Dyncorp providing services to U.S. Army soldiers and civilian contractors at U.S. military bases throughout Afghanistan.

24. Fluor Corporation is headquartered in Irving, Texas.

25. Dyncorp International manages its LOGCAP IV contracts and sub-contracts from its offices in Fort Worth, Texas.

26. Ecolog International FZE dba Ecolog USA has conducted business in Texas directly related to its ongoing subcontracting relationship with Fluor to provide LOGCAP IV services to U.S. Army soldiers and civilian contractors at U.S. military bases throughout Afghanistan.

27. Defendant Ecolog International FZE dba Ecolog USA has conducted business in Texas directly related to its ongoing subcontracting relationship with Dyncorp to provide LOGCAP IV services to U.S. Army soldiers and civilian contractors at Kandahar Airfield, a United States Army base in Afghanistan.

28. The United States Army, Department of Defense, and/or Office of the Special Inspector General for Afghanistan Reconstruction is in possession of records confirming that Defendant Ecolog International FZE dba Ecolog USA conducts business and/or maintains records in Texas related to its performance of LOGCAP IV sub-contracts with Fluor and Dyncorp for services in Afghanistan.

29. Plaintiff Paul Hicks retired from the United States Army in 2000 after 23 years of service.

30. On and before July 5, 2014, Plaintiff was employed as a lead auditor for a civilian contractor which provides maintenance and operational support to the U.S. Army and Coalition Forces at Kandahar Airfield.

31. Plaintiff is not and never has been an employee of Ecolog International FZE, Ecolog USA, or Ecolog, Inc.

32. At all relevant times, Plaintiff was living at the Kandahar Airfield.

33. At all relevant times, Defendants provided sanitation waste removal services to U.S. soldiers and civilian contractors, including Plaintiff, living and/or working at the Kandahar Airfield. Defendants provided these sanitation waste removal services pursuant to a contract with Dyncorp and in fulfillment of Dyncorp's LOGCAP IV contract with the United States Army. These services included Defendants' operation of sanitation waste tanker trucks to transport human waste from latrines to a lake at Kandahar Air Field where raw sewage is

4

collected.

34. Defendant Dayakar Paidypelly aka Paidypelly Dayakar ("Paidypelly") is an employee of Defendants Ecolog International FZE and/or Ecolog, Inc. ("the Ecolog Defendants"). Plaintiff's claims arise from a July 5, 2014 traffic accident in which Paidypelly, while in the course and scope of his employment, negligently operated a sanitation waste tanker truck ("Ecolog waste truck") so as to cause it to strike Plaintiff while he was riding a bicycle at the Kandahar Airfield. Paidypelly's address is unknown to Plaintiffs, but he may be served at Defendants Ecolog International FZE and Ecolog, Inc.'s principal place of business in Texas at 9595 Six Pines Drive, Suite 8210, The Woodlands, Texas, 77380.

## JURISDICTION AND VENUE

35. Jurisdiction exists against Defendants pursuant to 28 U.S.C. §1332(a)(3), in that there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

36. This Court has jurisdiction over Plaintiff's common law negligence claims based on 28 U.S.C. § 1332(d)(2)(A).

37. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(3).

38. Defendants are subject to personal jurisdiction in this district.

39. As set forth in paragraphs 2 through 34 above, this Court has specific personal jurisdiction over Defendants.

40. In the alternative and as set forth in paragraphs 2 through 34 above, this Court has general personal jurisdiction over Defendants.

41. Plaintiff's negligence claims arising from the traffic accident are of a type commonly adjudicated by courts using well-developed legal standards.

42. Plaintiff's negligence claims constitute an ordinary tort suit seeking compensatory damages against a corporation.

43. Plaintiff's negligence claims do not implicate and are not bound up with any strategies, decision-making, or orders of the United States military.

44. Plaintiff's negligence claims do not implicate and are not bound up with any political questions of the United States government.

45. Adjudication of this case will not require the Court to make any policy decisions which are committed to the discretion of the executive or legislative branches.

## STATEMENT OF FACTS

46. In order to maintain his fitness level, Plaintiff rode a bicycle during his off hours at the Kandahar Airfield.

47. At all relevant times, the Ecolog Defendants employed Paidypelly as a truck driver at the Kandahar Airfield in Afghanistan.

48. In the alternative, and at all relevant times, Defendant Ecolog International FZE employed Paidypelly as a truck driver at the Kandahar Airfield in Afghanistan.

49. At all relevant times, Paidypelly was acting within the course and scope of his employment with the Ecolog Defendants.

50. In the alternative and at all relevant times, Paidypelly was acting within the course and scope of his employment with Defendant Ecolog International FZE.

51. On July 5, 2014, the Ecolog Defendants directed and entrusted Paidypelly to drive a large septic waste tanker truck ("Ecolog waste truck") on the property of Kandahar Airfield.

52. In the alternative, on July 5, 2014, Defendant Ecolog International FZE directed and entrusted Paidypelly to drive a large septic waste tanker truck ("Ecolog waste truck") on the property of Kandahar Airfield.

53. At approximately 1:37 p.m. on July 5, 2014, Plaintiff was riding a bicycle on the main road at Kandahar Airfield near Inside Gate #4.

54. Plaintiff was riding the bicycle in the appropriate lane of traffic and complying with all traffic safety rules and regulations.

55. At approximately 1:37 p.m. on July 5, 2014, Paidypelly drove the Ecolog waste truck through Inside Gate #4 and attempted to turn left onto the main road.

56. At all relevant times, Plaintiff had the right of way relative to any vehicles attempting to exit onto the main road from Inside Gate #4, including the Ecolog waste truck driven by Paidypelly.

57. Paidypelly had a duty to yield to vehicles, including the bicycle ridden by Plaintiff, traveling on the main road.

58. Paidypelly had a duty to maintain an assured clear distance between the Ecolog waste truck and other vehicles, including the bicycle ridden by Plaintiff, traveling on the main road.

59. Paidypelly failed to yield to Plaintiff's bicycle.

60. Paidypelly failed to maintain an assured cleared distance between the Ecolog waste truck and Plaintiff's bicycle.

61. Paidypelly turned left onto the main road directly in the path of the bicycle ridden by Plaintiff.

62. Paidypelly caused the the Ecolog waste truck to strike both Plaintiff and his bicycle ("the truck-bicycle collision").

## COUNT ONE:  NEGLIGENCE

63. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62.

64. In causing the truck-bicycle collision, Paidypelly was negligent.  He failed to use ordinary care.

65. Paidypelly negligently operated the Ecolog waste truck so as to cause a collision with the bicycle ridden by Plaintiff.

66. Paidypelly breached his duties to Plaintiff by failing to yield to a vehicle with the right of way and failing to maintain an assured clear distance.

67. The harm caused by Paidypelly's negligence was foreseeable in that he should have anticipated the danger which would be caused by his negligence.

68. As a direct and proximate result of Paidypelly's negligence, Plaintiff Paul Hicks

sustained injuries of a personal, pecuniary, and permanent nature, including (but not limited to) physical injuries, medical bills, pain and suffering, personal property and expenses, loss of wage and earning capacity, and such other damages as to be proven at trial of this matter.

69. The physical injuries sustained by Plaintiff which were directly and proximately caused by Paidypelly's negligence include, but are not limited to, a traumatic brain injury, fractured cervical vertebrae, fractured elbow, and injury to his lumbar spine.

70. The damages sustained by Plaintiff exceed $75,000.

71. The Ecolog Defendants are vicariously liable for Paidypelly's negligent conduct by virtue of the doctrine of *respondeat superior*.

72. In the alternative, Defendant Ecolog International FZE is vicariously liable for Paidypelly's negligent conduct by virtue of the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paul Hicks demands judgment against Defendants Ecolog International FZE, Ecolog, Inc., and Dayakar Paidypelly aka Paidypelly Dayakar jointly and severally in an amount in excess of $75,000.00 on this Complaint for compensatory damages, as well as attorney fees, costs, pre- and post-judgment interest, and such other relief as is just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

Respectfully submitted,

JACOBS, O'HARA, MCMULLEN, P.C.

*Patrick O'Hara*

By: _____

PATRICK O'HARA
State Bar No.: 24060353
Jacobs, O'Hara, McMullen, P.C.
14340 Torrey Chase Blvd., Suite 360
Houston, Texas 77014
Telephone: 832-335-4365
Facsimile: 713-583-0306
pjo@jomlawfirm.com
